The St. Paul and Sioux City Railroad Company v. Gardner et al.

---

## THE ST. PAUL AND SIOUX CITY RAILROAD COMPANY

### *vs.*

### J. W. GARDNER, *et al.*

An exception, in every case to be effectual must be taken at the trial; an exception taken to an order to refer a case for trial, is, therefore, nugatory.

A motion was made in the district court to set aside and vacate the report of the referee in the above entitled cause, and to grant a new trial, upon the following, among other, grounds: "Fourth. Because the said cause was not tried by a jury. Fifth. Because the said court ordered a reference against the objections and exceptions of the defendants." *Held,* that an appeal from the order of the district court denying such motion brings up the record of the district court relating to its denial of a jury trial.

An order which directs a reference in a case in which a reference is not authorized by law, is an appealable order.

The St. Paul and Sioux City Railroad Company v. Gardner et al.

*Gen. Statutes, ch.* 66, *sec.* 228, in terms, authorizes compulsory references in actions at law where the trial of an issue of fact requires the examination of a long account on either side. In this respect it is repugnant to the constitution, *art* 1, *sec.* 4, which provides that the right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy.

This action was brought to recover the value of one thousand bushels of wheat alleged to have been delivered by plaintiff to defendants out of its Mankato elevator in excess of the quantity deposited by them therein, and to have been by defendants converted to their own use. The record, as amended by order of the judge, showed that the district court, upon plaintiff's motion, the defendants objecting and demanding a jury trial, ordered the cause to be referred to a referee to hear and determine all the issues therein, and report a judgment to said court, but to be left open for a few days, so far as the selection of such referee was concerned, to enable the parties to agree upon the referee to be appointed under said order, to which order defendants excepted. That afterwards the parties reported to the court that they had agreed upon G. L. O. as the referee to be appointed under the order, and he was thereupon appointed referee thereunder, subject to the defendants' said objections and exceptions. The plaintiff, upon the hearing of the defendants' motion for such amendment, contended that the defendants took no such exception; and the judge ordered that the record be so amended as to show that they did, as above stated, after hearing the proofs and allegations of both parties in respect thereto. The defendants afterwards appeared before the referee, and went to trial upon the merits without further objection. *Held,* that said action is a case at law within the said *art.* 1, *sec.* 4 of the constitution, and that defendants were entitled to a jury trial. That though they might waive their said right, such waiver should plainly and explicitly appear. Every reasonable presumption should be made against the waiver, especially when it relates to a constitutional right. That the facts herein above mentioned do not amount to a plain and explicit waiver by the defendants of their right to a trial by jury. *Held,* also, that the complaint stated a good cause of action, notwithstanding it appears therefrom that the plaintiff voluntarily delivered the wheat, not being induced to do so by fraud or mistake.

This action was brought in the district court for Ramsey county, to recover the value of a quantity of wheat alleged to be the property of the plaintiff, and to have been converted by

the defendants. The cause was tried before a referee, who reported in favor of the plaintiff for the amount claimed in the complaint. The defendants moved in the district court for an order to vacate and set aside such report, and for a new trial. The motion was denied, and the defendants' appeal from the order denying such motion.

The case is sufficiently stated in the opinion.

H. J. HORN, with I. V. D. HEARD, and LOCHREN & McNAIR, for Appellants.

BRISBIN & PALMER, for Respondent.

*By the Court.*—RIPLEY, CH. J.—This case was by order of the district court referred to George L. Otis, Esq., to hear, try and determine the issues therein, and report a judgment. The referee found for the plaintiff, and directed judgment to be entered accordingly. This appeal is taken by the defendants from the order of the district court denying their motion to set aside and vacate the report and grant a new trial.

The motion was based (among others) upon the following grounds : " *Fourth.* Because the said cause was not tried by a jury. *Fifth.* Because the said court ordered a reference against the objections and exceptions of the defendants."

The record in the district court, as amended by order of the court, states "that the cause came on to be heard in open court at a general term thereof, at the first day of said term, upon a motion of the plaintiff * * * upon the pleadings, to refer the same to a referee to hear and determine all the issues therein, and report a judgment to said court, and the defendants objected to said motion, and demanded a jury trial. It was ordered that said cause be referred in accordance with said motion of plaintiff, but to be left open for a few days, so far as the selection of such a referee was concerned, to enable

the parties to agree upon the referee to be appointed under such order, to which said order, decision and ruling, and every part thereof, the defendants then and there excepted, and their exception was then and there duly noted by the court. And afterwards, to wit, on the 9th day of May, 1871, the said parties reported to said court that they had agreed upon G. L. Otis, Esq., as the referee to be appointed in accordance with such order, and thereupon the said G. L. Otis was appointed referee under said order of reference aforesaid, subject to said objection and exception of said defendants."

The exception above mentioned was *per se* unavailing to save to the defendants the benefit of their said objection to said order.

An exception is an objection taken at the trial to a decision upon a matter of law. *Gen. Stat. ch.* 66, *sec.* 233. This exception was not taken at the trial, but to an order to refer the cause for trial.

Exceptions must, in all cases, to be effectual, be taken at the trial, and there is no such practice authorized by statute, or by course of common law, as excepting to the decision of a court upon a question arising otherwise than upon the trial. *Onondaga Co. Ins. Co. vs. Minard*, 2 *N. Y.* 98 ; *Law vs. Merril*, 6. *Wendell*, 268 ; *People vs. Dalton*, 15 *do.* 58 !.

It is therefore unnecessary to consider plaintiff's objections to the action of the judge of the district court in allowing an amendment of the record, so as to show that an exception was taken and noted against the proof offered by plaintiff upon the hearing of said motion, showing, as it alleges, that defendants, in point of fact, took no such exception.

The plaintiff, of course, does not dispute the power of the district court so to amend its record as to show the truth of the matter, nor does it dispute that the order to refer the cause

was made against defendants' objection and demand for a jury trial.

It insists, however, that the record of the district court aforesaid, is not properly before us upon this appeal.

In the first place, it is said, that the motion to set aside the verdict and for a new trial does not reach the order to refer; that the defendants should have moved the district court to vacate the order. But the statute provides that a report may be vacated and a new trial granted " for any of the following causes materially affecting the substantial rights of such party:

First. Irregularity in the proceedings of the court ＊ ＊ or any order of the court ＊ ＊ ＊ by which the moving party was prevented from having a fair trial." *Gen. St. ch.* 66, § 235.

If the defendants were entitled to a jury, they have not had a fair trial, however fairly the case may, in point of fact, have been tried by the referee, and however correct his rulings and decision.

By " fair trial " the statute means that which is such in contemplation of law, viz.: that which the law secures to the party.

It is unnecessary to add that an order denying a jury trial in such a case is one which materially affects the substantial rights of the party.

An appeal from an order denying a motion for a new trial would, therefore, bring up the record relating to such denial.

But the plaintiff further insists that the order of reference was not an appealable order. If this were one of a class of cases in which a reference was authorized by law, this would be true. It would then be discretionary with the judge whether to refer it or not, and no appeal would lie except in case of an abuse of discretion. *Brisbin vs. Am. Ex. Co.,* 15 *Minn.* 43 ; *Kennedy vs. Shelton,* 1 *Hilton,* 546. But an order

which directs a reference in a case in which a reference is not authorized by law, is appealable.  *Crane vs. Bradford,* 4 *Abb. Pr. Rep.* 193 ; *Berkey vs. Judd, et al.,* 14 *Minn.* 394.

Upon this return, then, the question, whether or not this reference was authorized by law, is properly before us.

The action is brought to recover the value of one thousand bushels of wheat alleged to have been delivered by plaintiff to defendants out of the Mankato elevator, in the course of the plaintiff's business, in excess of the quantity deposited by defendants therein, and to have been by them converted to their own use.  The complaint also alleged a demand and refusal.

The *Gen. Stat.* (*ch.* 66, *sec.* 228,) provides, that when the parties to a civil action, or a proceeding of a civil nature, do not consent, the court may, upon the application of either, or of its own motion, direct a reference when the trial of an issue of fact requires the examination of a long account on either side.

It is unnecessary to go into the question, whether or not the plaintiff is right in its contention, that the pleadings showed this case to be a proper one for a compulsory reference under the statute, as requiring the examination of a long account on either side, or whether upon the whole case as disclosed at the trial, it appears that the production and inspection of long accounts were necessarily involved, although we agree with the plaintiff that if the case in fact is a proper one to refer, this court will not consider whether or not the district court was mistaken in supposing that this appeared upon the pleadings.

This is a case at law, strictly and properly so called, in contradistinction to a case in equity, or a special proceeding.

It is undeniable that the statute above cited, in terms,

authorizes a compulsory reference in actions at law.  *Gen. Stat. ch.* 66, *sec.* 1.

It is equally clear, in our judgment, that in so far as it does, it conflicts with the constitutional provision, (*art.* 1, *sec.* 4,) that "the right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy."

This particular provision in question for compulsory references is first found in the *Rev. Stat. of* 1851, *ch.* 71, *sections* 50, 51, 52.  In *Carson, et al. vs. Smith*, 5 *Minn.* 78, the point was made that the provision for the appointment of referees was unconstitutional, as being an infringement of the constitution, *art.* 6, *sec.* 1, which vests the judicial power of the state in the courts therein named.  But the court said that the statute concerning referees "was passed in the year 1851, and has been the law of the territory and the state ever since, without any question of its validity having been made.  Probably there is no act upon the statute book under which more interests have been affected, more rights passed, and property involved, than the statute authorizing the appointment of referees; under the pressure of great interests, this court would hesitate long before it would disturb a statute, unless fully convinced that it was in violation of some substantial provision of the fundamental law, and the very fact that it has been so long acquiesced in by the whole bar of the state, and acted upon without question, would lead us to doubt our own convictions, should an investigation strengthen the point made against its validity"; and the court held that said statute did not divert the judicial power from said court.

We have no desire to disturb that decision, but the question in the present case is very different.  The weight of the considerations adverted to by the court in that case is, however, not lessened by the fact that, though twelve years have elapsed

since *Carson et al. vs. Smith* was decided, the validity of the particular provision of the statute now before us has never before been drawn in question. But upon the most anxious and careful consideration, we entertain no doubt of the correctness of our opinion as already stated.

Perhaps the long acquiescence in this provision may be explained by the fact that it was taken from New York. *3d ed.* 2 *N. Y. R. S. p.* 481, *s.* 43; *Code,* § 271.

In 1840, the point was made in New York that the right of courts of law to refer was unconstitutional as being contrary to the 7th article of the amendments to the U. S. constitution, viz.: that in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved. To this it was answered, however, that the provision aforesaid relates to such courts only as sit under the authority of the United States.

And as to the provision in the then *Constitution of N. Y. art.* 7, *sec.* 2, 1 *N. Y. R. S. 3rd ed. p.* 44, which declared that the trial by jury in all cases in which it has been heretofore used shall remain inviolate, it was said to be a satisfactory answer to an objection that said right to refer did not come within the exception, that references as broad as those specified in said statute, were sanctioned by statute and practiced by the courts, long before the adoption of the constitution. *Lee vs. Tillotson,* 24 *Wendell,* 330. Our constitutional provision above quoted has received a similar construction in this court. " The effect of this clause in the constitution is, first, to recognize the right of trial by jury as it existed in the territory of Minnesota at the time of the adoption of the state constitution ; and second, to continue such right unimpaired and inviolate. It neither takes from nor adds to the right as it previously existed, but adopts it unchanged. Wherever the right of jury could be had under the territorial laws, it may

now be had and the legislature cannot abridge it; and those cases which were triable by the court without the intervention of a jury, may still be so tried." *Whallon vs. Bancroft,* 4 *Minn.* 109.

There was, however, this vital difference between New York and Minnesota, at the time of the adoption of their respective constitutions, viz.: that in Minnesota the constitution of the United States was then the supreme law of the territory.

The organic act provides that the legislative power of the territory shall extend to all rightful subjects of legislation, consistent with the constitution of the United States and the provisions of this act. *Sec.* 6.

" This clause in the constitution of the United States was in full force within the territory, both upon the legislature and courts, because they both acted under the sole authority of the United States." *Whallon vs. Bancroft, supra.*

The court by referring, as it does, to the said case of *Lee vs. Tillotson,* here pointed the profession to the vital distinction above mentioned.

If the particular provision of the Revised Statutes now under consideration was not consistent with the constitution of the United States, it was, therefore, void at the time of the adoption of the constitution of Minnesota, and, also, necessarily void by the latter, as we have already seen.

The schedule, moreover, (*sec.* 2,) by necessary implication excludes this particular provision, if it conflicts with our constitution, from those laws which are to remain in force till altered or repealed. We are therefore to inquire whether this provision was repugnant to the constitution of the United States, in so far as it authorizes the court to refer an issue of fact in any civil action, where the trial thereof requires the examination of a long account on either side.

It was long ago held by the supreme court of the United

The St. Paul and Sioux City Railroad Company v. Gardner et al.

States that by " common law " the framers of the constitution of the United States meant what the constitution denominated in its 3d article " law "; not merely suits which the common law recognized among its old and settled proceedings, but suits in which legal rights were to be ascertained and determined, in contra-distinction to those where equitable rights were alone regarded, and equitable remedies administered ; or where, as in the admiralty, a mixture of public law and of maritime law and equity was often found in the same suit; and that the amendment aforesaid might in a just sense be well construed to embrace all suits which are not of equity or admiralty jurisdiction, whatever may be the peculiar form which they may assume, to settle legal rights.   *Parsons vs. Bedford,* 3 *Peters,* 433.

It matters not, therefore, that the legislature of Minnesota abolished the distinction between the forms of actions at law, and provided that there should be but one form of action at law, to be called a civil action.  *Rev. Stat. ch.* 70, § 1.   The constitution of the United States, nevertheless, secured to the inhabitants the right of trial by jury in all such actions wherein legal rights were to be ascertained and determined.   It would necessarily follow, therefore, that, the provision of the *Rev. Stat. ch.* 71, § 50, that where the parties to a civil action did not consent, the court might order a reference when the trial of an issue of fact required the examination of a long account on either side, to referees to hear and decide the whole issue, was repugnant to the constitution of the United States.

At the time of the adoption of the state constitution the distinction between equity and law had been abolished, and suits in equity were also called civil actions, (*Act of March* 5, 1853, § 1,) a change perpetuated by the Revision *ch.* 66, § 1, above cited ; but this of course did not affect the principle that in all civil actions in which legal rights were to be ascertained

and determined the right of trial by jury was secured to the parties.

The point now before us, however, does not rest upon logical deduction alone. In the case of the *U. S. vs. Rathbone*, 2 *Paine C. C.* 578, which was decided long before the territory was organized, on appeal from a judgment of the U. S. district court, the record sent up stated, " that it now appearing probable to the court here that the trial of the matters aforesaid, between the parties aforesaid, will require the examination of long accounts, it is therefore ordered by the same court now here, that the matters aforesaid in controversy between the parties aforesaid, be and the same are hereby referred, according to the statute in such case made and provided, to J. G. S & C., referees agreed upon and named by the parties aforesaid, to hear and examine the matters aforesaid and report, &c." It was considered by Mr. Justice Thompson that the statute named in the record must be the statute of the state of New York, there being no act of congress on the subject. That the examination of long accounts is the ground upon which a reference is authorized under the state law, and that it was evidently this law and the state practice under it by which the court was governed. That that law, however, could not control the rights of parties in the courts of the United States, and take away privileges secured by the constitution and laws of the United States. That the question was open for consideration whether the district court had authority to order the reference against the consent of either party. " The convenience and utility," he continues, " of adopting this mode of trial by referees, where the controversy involves the examination of long accounts, have led me to look at the question with a wish to find the practice sanctioned by the constitution and laws of the United States, but have not been able to find any ground upon which such authority can be sustained."

The St. Paul and Sioux City Railroad Company v. Gardner et al.

Upon a consideration of the constitution and laws of the United States, bearing upon the point, he concludes that they provide for trial of issues of fact, except those of equity and admirality jurisdiction, by jury, instead of by referees.

So, under the Iowa constitution, providing that the right of trial by jury shall remain inviolate, it is held that the district court has no power under its code to order a reference, when the parties do not consent thereto, in cases not cognizable in courts of equity. It is also held that the code, in authorizing such reference, "when the trial of an issue of fact shall require the examination of *mutual* accounts, or where the account being on one side only it shall be made to appear to the court *that it is necessary that the party on the other side should be examined as a witness to prove the account*," has specified the precise matter which was formerly of equitable cognizance. *McMartin vs. Bingham*, 27 *Iowa*, 234.

In Ohio, it is held that courts of law cannot appoint in an action of assumpsit, without the consent of parties, a person to adjust long and disputed items of account *Johnson vs. Wallace*, 7 *Ohio*, 392.

The defendants, then, in the case at bar, were entitled to a jury trial. But they might waive their right. A party may waive a constitutional as well as a statute provision made for his own benefit. *Lee vs. Tillotson, supra*; *United States vs. Rathbone, supra.* And our constitution expressly provides that the parties may waive a jury trial "in all cases, in the manner prescribed by law." *Art.* 1, *sec.* 4. It is contended that the defendants waived their right by agreeing upon Mr. Otis as referee, and going to trial upon the merits. But in *U. S. vs. Rathbone*, the court held that the agreement upon referees, did not imply an assent to the order of reference. "The record shows no more than that the parties agreed upon referees. The appointment of the referee was necessarily, in order of

time, an act posterior to the order to refer and does not imply an assent to such order." The court also remark, that "if we look at the rule of court by which the reference was ordered, it will be seen that the cause was referred on the application of the defendants, and upon notice given to the opposite party; which clearly shows a hostile proceeding, and is at war with any presumed consent."

The case at bar is much stronger, for the record shows that the reference was ordered on plaintiff's motion, against defendants' objection and demand for a jury trial. And it is evident that they did not intend to waive their objection to the order by agreeing upon Mr. Otis, for the record shows that he was appointed subject to defendants' said objection and exception.

But it is said the defendants voluntarily appeared and went to trial before the referee. In *U. S. vs. Rathbone*, there must have been a trial by the referee, though the fact is not expressly set out, for the circuit court held that the judgment of the district court must be reversed, and a *venire facias de novo* awarded, returnable in the circuit court. If the plaintiff had not taken part in the trial, Mr. Justice Thompson would have adverted to a fact so conclusive against any theory of a waiver of its right. That case, therefore, supports the defendants' position here, that going to trial upon the merits, before the referee, is not a waiver of their right to a jury trial.

In Missouri it is held, that in trials at common law, in courts of record, the parties are entitled to a jury of twelve men as a matter of constitutional right. If no exceptions are taken to the action of the court in proceeding to a trial with a less number, the party may still take advantage of the error by motion in arrest of judgment; the defect will not be considered as waived, or consent presumed, unless entered of record. *Vaughn vs. Searle*, 3 *Mo.* 600. In a case of a trial by a jury of six, the defendant filed a motion for a new trial, and

The St. Paul and Sioux City Railroad Company v. Gardner et al.

in arrest of judgment, for the reason (among others) that the case had been tried by a jury of six without his consent; no consent had been entered of record. "It has been held by this court that such consent when given should always be entered of record, and that the party may avail himself of the objection on motion in arrest." *Brown vs. Hann. & St. Jo. R. R.* 37 *Mo.* 298.

In the subsequent case of *Scott vs. Russell*, 39 *Mo.* 407, this decision was affirmed. " The identical question here presented," say the court, " recently came before this court in the case of *Brown vs. Hann. & St. Jo R. R.* 37 *Mo.* 298, which was an appeal from a court of a justice of the peace, *and no objection was made* or point reserved on the trial in the circuit court, on the ground of the number of jurors, but the party relied wholly on his motion in arrest, and we sustained the position on the authority of the previous decisions of this court."

In the case of *Hinckly vs. Machine*, 5 *Greene* (*N. J.*) 476, it was held [as in Missouri] that a party is not to be deprived of a trial by jury upon a mere implied or constructive waiver of such right. The court, however, appear to have considered that going to trial before the court, without any objection to that mode of trial, would, in such a case as that before them, have been an *express* waiver of the right to a jury ; for, it is remarked, that " if the party had gone to trial before the court at the special term, without any objection to that mode of trial, it would have been too late for him to complain about it afterwards." But the case is a direct authority in support of the position of the defendants in the case at bar, that their going to trial before the referee was not a waiver, for the court proceeds as follows : " This he did not do ; he objected to the proceeding, but the court ordered on the trial. He did not therefore waive his objection by making the best defense

VOL. XIX.—19

The St. Paul and Sioux City Railroad Company v. Gardner et al.

he could, for he did not know but it might be his only opportunity to do so."

In the case of the *United States vs Rathbone*, Mr. Justice Thompson, while laying it down as a proposition too clear to require argument or authority in support of it, that the right of trial by jury secured by the U. S. constitution is a privilege with which the parties may dispense if they choose, adds, and we think rightly, "that whenever a party is concluded by his own act, and held to have waived any right or privilege, such act should not be left doubtful, but should plainly and explicitly appear. Every reasonable presumption should be made against the waiver, especially when it relates to a right or privilege deemed so valuable as to be secured by the constitution."

The natural inference, as we have seen from what appears in that case, is that he had before him a record showing that the plaintiffs had gone to trial before the referee without objection. The above would therefore indicate that he did not consider that a waiver under the circumstances of that case. But however that may have been, these observations of his apply most forcibly to the present case. The district judge ordered the record to be so amended as to show not only that defendants opposed the reference, a fact which plaintiff does not dispute, but after hearing the proofs and allegations of both parties decided, whether rightly or wrongly is not material, that the record should also show that the defendants *intended* at all events to save their objection. It is impossible to say that there is in this case any plain and explicit waiver of the defendants' constitutional right to a jury trial. Being entitled to a jury, the order now appealed from must be reversed.

It is therefore unnecessary, of course, that we should consider the objections made and urged at the argument against the report, and some of the referee's rulings at the trial before

The St. Paul and Sioux City Railroad Company v. Gardner et al.

him. Nor need we consider the point made in this court that there was a variance between the complaint and the evidence offered in support of it. One point, however, must be considered which is made in this court, (not having been made below,) that the complaint does not state facts sufficient to constitute a cause of action. The objection is that the complaint shows that the plaintiff voluntarily delivered the wheat, without fraud, mistake, or other fact showing any liability upon the defendants to return it. But the wheat is alleged to have been the property of the plaintiff, and delivered in the course of a dealing according to which defendants would have known how much they were entitled to receive, and in the absence of mistake [and none is alleged,] must be presumed, if the plaintiff delivered more, to have known that such excess was something to which they were not entitled; knowing this they converted it to their own use, *i. e.* they converted the property of the plaintiff to their own use, unless (which would not be contended,) a bare delivery without more is conclusive proof of a transfer of the title!

But if this were not enough to give a right of action, the complaint alleges a demand and refusal.

We think the complaint states facts sufficient to constitute a cause of action.

The order appealed from is reversed.