C. D. MASTIN v. A. W. MAY and Another.[1]

October 2, 1914.

Nos. 18,732—(227).

**Forcible entry and unlawful detainer.**

1. Proceedings under the forcible entry and detainer statute, to recover the possession of land alleged to be unlawfully and forcibly detained, cannot be maintained against a person who peaceably and under claim of right entered into possession of the property, and does not forcibly detain the same. Davis v. Woodward, 19 Minn. 137 (174), followed and applied.

**Same — ejectment.**

2. The unlawful detention, unaccompanied with force, where the original possession was taken peaceably and under claim of right, is not sufficient to authorize proceedings under section 7657, G. S. 1913. Ejectment is the remedy in such cases.

[1] Reported in 148 N. W. 983.

From a judgment in justice court in favor of plaintiff, defendants appealed to the district court for Dakota county. The appeal was heard before Hodgson, J., who made findings and ordered judgment that the action be dismissed. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*S. R. Child* and *Albert Schaller,* for appellant.

*Charles R. Pye* and *C. S. Lowell,* for respondents.

BROWN, C. J.

The short facts in this case are as follows: Plaintiff as the owner of certain real property entered into negotiations to sell the same to defendants. Pending the negotiations defendants went into possession of the premises, whether with the knowledge and consent of plaintiff does not appear but, as found by the trial court, peaceably and under claim of right under the oral arrangements of the parties as to the sale. They so entered into possession on October 16, 1912, and have since retained the same. The negotiations for the sale were not completed and were abandoned, and on November 1, 1912, some two weeks after defendants entered into possession of the property, plaintiff demanded that they vacate the same, which defendants refused to do, claiming to have certain rights under the attempted sale, by way of compensation for improvements made upon the premises during the time of their possession. Thereafter, in December, 1912, plaintiff brought this proceeding under the forcible entry and detainer statute to regain possession. There was a judgment for plaintiff before the justice and defendants appealed to the district court. The cause was tried in that court without a jury and the court made findings of fact, substantially as above stated, and, further, "that the entry upon said lands by the defendants was made in a peaceable manner; that the detention of said premises after the first day of November, 1912, by the defendants was unlawful but not forcible or held with strong hands." As conclusion of law the court found that plaintiff was not entitled to maintain the proceeding and that it should be dismissed. Judgment of dismissal was subsequently entered, and plaintiff appealed.

The only question presented is whether the facts stated present a

case for proceedings under the forcible entry and detainer statute, or whether plaintiff's remedy was in ejectment.

Our statutes, like those of many of the other states, limit the right to resort to forcible entry proceedings to recover the possession of land, other than the instances specially provided for by section 7658, G. S. 1913, (1) to cases where there has been an unlawful or forcible entry thereon, and (2) where there has been a peaceable entry, and a subsequent unlawful and forcible detention of the premises. If the possession be taken unlawfully or forcibly, the proceeding will lie without regard to the question whether the subsequent possession is maintained by force or violence. If the entry into possession be under claim of right or peaceably, then the proceeding cannot be maintained, unless the possession thus taken be "unlawfully and forcibly" detained. The *unlawful* detention is not, standing alone, sufficient, where the proceeding is founded upon section 7657, G. S. 1913. Davis v. Woodward, 19 Minn. 137 (174). The statute, with some modifications, is but declaratory of the common law upon the subject, and was designed to provide a speedy remedy to recover the possession of land unlawfully taken or forcibly and unlawfully detained from the person entitled thereto. It was not intended as a substitute for ejectment (O'Neill v. Jones, 72 Minn. 446, 75 N. W. 701), and is only applicable to the cases specially provided for by the statute. In the case at bar the record does not present facts showing either an unlawful or forcible entry of the land in question, the findings negative either theory, and plaintiff cannot recover upon that ground. The case presented is one showing a peaceable entry, pending negotiations for the purchase of the land, and a wrongful or unlawful withholding possession after abandonment of the negotiations, unaccompanied by force or violence. There is no showing of a forcible detention of the land, and therefore plaintiff cannot prevail on that theory of the statute. This was expressly so held in the case of Davis v. Woodward, 19 Minn. 137 (174), supra. The ruling there made is in harmony with the authorities generally. Fults v. Munro, 202 N. Y. 34, 95 N. E. 23, 37 L.R.A.(N.S.) 600, Ann. Cas. 1912D, 871, and note 875; 19 Cyc. 1135. The proceeding cannot be resorted to for the purpose of removing a mere trespasser, who

entered into possession peaceably under claim of right and asserts no right of possession by force or violence. Castro v. Tewkbury, 69 Cal. 562, 11 Pac. 339; Wood v. Phillips, 43 N. Y. 152; Smith v. Reeder, 21 Ore. 541, 28 Pac. 890, 15 L.R.A. 172; Foster v. Kelsey, 36 Vt. 199, 84 Am. Dec. 676. The findings of the court to the effect that the entry of defendants was peaceable and under claim of right and not retained by force or a strong hand, dispose of the case and render the forcible entry statute inapplicable. The remedy of plaintiffs was in ejectment.

Judgment affirmed.