MUTUAL TRUST LIFE INSURANCE COMPANY v. O. T. BERG AND ANOTHER.[1]

December 23, 1932.

No. 28,960.

[1]Reported in 246 N. W. 9.

*Ben W. Palmer* and *Walter Woolf,* for appellants.
*Elof J. Carlson* and *Lawrence Severson,* for respondent.

HOLT, J.

Defendants appeal from a judgment of restitution of a certain apartment, in a building in Minneapolis, rendered in a forcible entry and unlawful detainer action by the municipal court of said city.

Plaintiff alleged ownership and possession of a building described as 2421 and 2423 Central avenue northeast, Minneapolis, consisting of two stores on the first floor and ten apartments on the second and third floors, and that defendants unlawfully and forcibly entered apartment No. two therein and dispossessed plaintiff and still unlawfully and forcibly detain the same. The answer, in addition to a general denial, alleged that defendant O. T. Berg was in possession by virtue of a warranty deed. Plaintiff proved that it had been in possession of the entire building since 1930, with a janitor and his wife living in one of the apartments; that the janitor had charge of the whole building, heating, cleaning, and caring for it; that apartment No. two on the second floor was vacant and for rent on January 13, 1932, the door leading into it from the hall being kept locked. On the morning of January 14 the janitor found defendant in apartment No. two and ordered him out, but he refused to go. That evening about 7:30 o'clock the janitor found two draymen moving defendants' household goods up the stairway. The janitor and his wife unsuccessfully attempted to prevent them from moving the goods into the apartment. Police officers were called and came, but refused to interfere. Defendant, in addition to his wife and the draymen, had an attorney there, and it was vain for the janitor and his wife to attempt to overpower this hostile force. Defendant does not dispute the testimony of the janitor, except to the extent that he testified that he went upstairs with a satchel, found the door to apartment No. two open and unlocked, went in,

took possession, locked the door from the inside so the janitor could not get in, refused to leave when requested by the janitor, moved in his household goods next evening notwithstanding the attempts of the janitor to prevent it, and refused to move out.

G. S. 1923 (2 Mason, 1927) § 9148, reads:

"When any person has made unlawful or forcible entry into lands or tenements, and detains the same, or, having peaceably entered, unlawfully detains the same, he shall be fined, and the person entitled to the premises may recover possession thereof in the manner hereinafter provided."

This statute is designed to protect those in actual possession of lands or tenements against not only forcible entry but against unlawful entry and unlawful detainer. The right of action given by § 9148 is for possession only and is not designed to try title or to serve as a substitute for ejectment. The forcible entry and unlawful detainer statutes were intended to prevent parties from taking the law into their own hands when going into possession of lands and tenements, an early example of which is found in Jacobs v. Hoover, 9 Minn. 189 (204). All that a plaintiff need prove is actual possession at the time when the defendant made the unlawful or forcible entry. Defendant relies on Mastin v. May, 127 Minn. 93, 148 N. W. 893, Ann. Cas. 1916C, 493, where it was held that proceedings of this sort cannot be maintained against a person who peaceably and under claim of right enters into possession and does not forcibly detain the same. That decision was rendered in 1914, when the statute was directed only against forcible detention. Up to 1917 the forcible entry and unlawful detainer action could not be maintained except in specified cases (among which the instant case finds no place) unless the detention was forcible.

G. S. 1894, § 6109, contains the provision that it must appear that defendant "unlawfully and forcibly detain the same," in order to maintain the action.

G. S. 1913, § 7657, reads:

"When any person has made unlawful or forcible entry into lands or tenements, and detains the same, or, having peaceably entered,

unlawfully and forcibly detains the same, he shall be fined, and the person entitled to the premises may recover possession thereof in the manner hereinafter provided."

By L. 1917, p. 345, c. 227, the section was amended so as to read as § 9148 above quoted. It is to be noted that instead of reading "unlawfully and forcibly detain the same," the words "and forcibly" are expunged. Davis v. Woodward, 19 Minn. 137 (174) held that [19 Minn. 142] though it was enough to show that the entry was either unlawful or forcible, it was necessary to prove that defendant unlawfully detained the premises "by force and strong hand." And such was the holding in Mastin v. May, 127 Minn. 93, 148 N. W. 893, Ann. Cas. 1916C, 493, when G. S. 1913, § 7657, was in effect.

We are convinced that in the case at hand, where it is undisputed that for more than a year prior to January 13 and 14, 1932, plaintiff had been and was in actual and peaceable possession of the whole building, and defendant without the consent and against the protest of plaintiff gained access to an apartment therein (it is immaterial whether the door thereto was locked or unlocked) the entry was unlawful. Nor can it be doubted that the detention was unlawful. The entry being unlawful, there is no evidence that anything transpired subsequently to change such unlawful entry into a lawful occupancy. On defendant's own evidence the entry into apartment No. two was unlawful as against plaintiff in actual possession of the premises or building of which the apartment was a part. Only by the show of resistance and force did he maintain himself therein. Plaintiff was entitled to a directed verdict, unless there were errors in the rulings.

There was no exception taken to the direction of a verdict. Needlessly plaintiff offered an abstract of title to the premises. There was no objection. We do not think this put in issue the plaintiff's title. Nor did defendants present any evidence which can be said to raise an issue of title so as to require the municipal court to certify the case to the district court. Defendant O. T. Berg averred in the answer that he is in possession under a deed given April 17,

1924, duly recorded. By reference to the abstract already received (by G. S. 1923 [2 Mason, 1927] § 9896, made prima facie evidence of the record title) there appears to be a deed from Frank Murray and others to O. T. Berg, but it is dated May 13, 1922, and filed for record May 31, 1922. Then there appears a deed from O. T. Berg and wife, dated April 15, 1924, filed for record June 23, 1924, to Edward William Peterson. There follows a mortgage from Peterson and wife to White-Price Company for $20,000, which mortgage was dated February 3, 1926, filed for record February 9, 1926, afterwards assigned to plaintiff, and foreclosed by advertisement on which sheriff's certificate of sale was issued to plaintiff and recorded November 8, 1927. There is also a deed from Edward William Peterson and wife, dated April 17, 1924, filed June 23, 1928, to O. T. Berg, "subject to encumbrances of record," being subject of course to plaintiff's $20,000 mortgage. The deed last referred to is presumably the deed defendant O. T. Berg referred to in his answer. At the trial defendant O. T. Berg offered to show that a quitclaim deed by himself and wife to this plaintiff, dated June 4, 1929, and filed January 20, 1932, was never delivered. This offer was excluded, upon objection, and exception taken by defendants. Then defendants offered in evidence a certified copy of a decree of the district court of Hennepin county in an action wherein Lorine Long was the plaintiff and White-Price Company and this plaintiff were the defendants, adjudging the foreclosure of the $20,000 mortgage, above mentioned, not valid. The abstract does not show what interest Lorine Long had to protect, though it may be inferred that she was the holder of a second mortgage to plaintiff's $20,000 mortgage. The decree was not recorded and does not appear on the abstract, but a lis pendens was filed for record on May 12, 1930, after plaintiff was in actual possession of the premises. The defendants were not parties or privies to the decree, nor did the decree in any manner affect the actual possession of plaintiff taken some months before the lis· pendens was filed. Upon objection the decree was excluded, but there was no exception taken to the ruling; therefore defendants cannot now assign error thereon.

Even if exception had been taken, we fail to see where defendants obtained any rights to take lawful possession of apartment No. two under that decree.

It appears to us that defendants so obviously took possession unlawfully and unlawfully detained such possession that the court rightly held that in this action of forcible entry and unlawful detainer plaintiff was entitled to restitution.

The judgment is affirmed.