## LEONARD W. HERMANN v. MARTIN L. KAHNER AND OTHERS.[1]

November 27, 1936.

No. 30,966.

[1]Reported in 269 N. W. 836.

332

*Keller & Keller* and *H. Z. Mendow,* for appellants.
*Van Fossen & Van Fossen,* for respondent.

HOLT, JUSTICE.

Defendants appeal from a judgment awarding plaintiff damages for being kept out of possession of certain premises owned by him in the city of Minneapolis.

The trial was to the court. In substance the findings are: Plaintiff, in January, 1932, sued the defendants in the municipal court of Minneapolis for the unlawful detention of the premises, after the cancellation of their contract for deed, and on January 25, 1932, recovered a judgment for their immediate restitution. Thereafter defendants opposed the enforcement of the writs of restitution issued at plaintiff's request and repeatedly moved the municipal court to vacate the judgment, but without success. In July, 1932, defendants, as plaintiffs, began an action in the district court of Hennepin county, against this plaintiff, as defendant, to vacate and set aside the said judgment in the municipal court and to have the rights of the parties in and to said premises determined, and in said action procured a temporary injunction on August 3, 1932, against the enforcement by restitution of the judgment of the municipal court of January 25, 1932. In lieu of bond to pay plaintiff all damages that might be sustained by the temporary injunction, defendants deposited $250 cash with the clerk of the district court. Thereafter said action was tried in the district court and findings made, upon which judgment was entered on March 17, 1933, that the Kahners, the plaintiffs therein, were entitled to no relief. Said findings were, in part, that the judgment against Kahners for immediate restitution of said premises to Hermann, entered in the municipal court of Minneapolis January 25, 1932, has never been vacated or modified, and Hermann has not waived his right to proceed thereunder. The court further found in the

case at bar that from August 3, 1932, to March 28, 1933, defendants occupied said premises and plaintiff was prevented from dispossessing them by the temporary injunction entered August 3, 1932, and that the value of the use and occupation of the premises during that time was $274, for which sum judgment was ordered with direction that the $250 deposited with the clerk of court be turned over to plaintiff and applied upon the judgment. The findings cover many other steps taken by the parties in the litigation mentioned, including an action by Kahner against Hermann in the municipal court of Minneapolis in forcible entry and unlawful detainer of the same premises, in which a judgment of not guilty was entered October 6, 1932.

The assignments of error attack two findings of fact as not sustained by the record and the conclusions of law as unwarranted. There was a motion in the alternative for amended findings or a new trial on the ground that the decision is not justified by the evidence and is contrary to law. There is no settled case or bill of exceptions. It is therefore plain that this court cannot consider whether or not the findings are justified by the evidence. Furthermore, we think it is demonstrable that the decisive and pivotal finding, assailed as unsupported by the evidence on this appeal, would not be subject to attack even upon a settled case. The assignment of error is that the court erred in finding: "That the judgment [the municipal court judgment of January 25, 1932] referred to in paragraph 1 of these findings has never been vacated or modified and that plaintiff has not waived his right to proceed thereunder." This is part of the findings made by Judge Waite in the suit for injunctional and other relief brought in the district court of Hennepin county by the Kahners against this plaintiff in July, 1932, under which findings judgment was rendered on March 17, 1933, that the plaintiffs therein, the Kahners, were entitled to no relief and that defendant therein, Leonard W. Hermann, was entitled to a dismissal. There has been no appeal from this judgment, and the time for appeal had expired when the instant case was tried. The findings of Judge Waite are now conclusive between the parties. As we understand defendants, the claim is that

Judge Waite also found that after the entry of the judgment for restitution of January 25, 1932, the Kahners obtained another contract for deed to the premises, upon which default occurred and notice of cancellation was served, but cancellation was never effected under the statute; that therefore the judgment for restitution was satisfied and nullified as a matter of law. It is enough to call attention to these facts: Judge Waite does not find that this second contract for deed was valid, and he found defendants had not complied with its terms, so that they obtained no right to any relief thereunder; and further, after this second contract for deed was procured, defendants made repeated efforts in the municipal court to have the judgment of January 25, 1932, vacated and set aside. The last attempt was made in March, 1933, which was, by order filed April 6, 1933, denied. So any attack on the judgment for restitution of January 25, 1932, is futile. And the judgment of the district court of March 17, 1933, is *res adjudicata,* that the defendants herein are entitled to no relief under the so-called second contract for deed.

Defendants also assign error upon finding No. 9, to the effect that from August 3, 1932, to March 28, 1933, defendants occupied the premises and prevented plaintiff from dispossessing them under the order of the court of August 3, 1932, that the reasonable rental value of said premises during said time was $35 per month, and that plaintiff, the owner, was damaged in the sum of $274, no part of which has been paid. There can be no doubt that the temporary injunction obtained by defendants kept plaintiff out of possession. And as to the amount of damages found, there being no settled case, defendants are not in a position to claim that the evidence does not sustain the finding. Defendants in their reply brief have cited authorities to that effect, as, for instance, Peach v. Reed, 87 Minn. 375, 92 N. W. 229. See also 1 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 343.

The two findings above mentioned not being subject to attack, the conclusions of law are not only justified but called for.

There is a contention that the trial proceeded on a certain theory in the court below and that plaintiff has shifted his position on

appeal. The absence of a settled case does not make it possible for this court to determine whether there has been a shifting of position to the detriment of defendants. They also cite Mastin v. May, 127 Minn. 93, 148 N. W. 893, Ann. Cas. 1916C, 493, saying it is on all fours with the case at bar and in their favor. This is a mistake. The point there decided was that a forcible entry and unlawful detainer action does not lie against one who has entered upon real estate peaceably under claim of right and does not forcibly detain the same. This is not a forcible entry and unlawful detainer action. The one in which the judgment of January 25, 1932, was rendered in the municipal court was; but there was no appeal from that judgment, and it remained in full force notwithstanding defendants' many and varied attacks.

The judgment is affirmed.