## MARY DOYLE v. VICTOR J. SWANSON.[1]

September 22, 1939.

No. 31,968.

[1]Reported in 288 N. W. 152.

 

*Victor J. Swanson* and *E. Luther Melin,* for appellant.

*John C. Styer,* for respondent.

PER CURIAM.

This action is brought by plaintiff to recover room rent. The complaint alleges that plaintiff let a room to defendant for which he agreed to pay a weekly rental of four dollars, that he occupied the room from October 31, 1931, to December 18, 1936, that the total rent due was $1,068, and that defendant had paid no part thereof. The answer admits the letting and the occupancy, but denies that the rent was to be paid in money. Defendant alleges that he gave deeds to plaintiff conveying three lots to her, which she accepted in payment of room rent for the agreed value of the lots, alleged to be, $1,050, and that plaintiff after accepting the lots in payment of the room rent attempted to repudiate the transaction and return the deeds to defendant. On this basis defendant owed plaintiff only $18. The answer also alleged breach of the lease by plaintiff. The reply was a general denial.

Findings of fact were made that plaintiff let the room to defendant under the arrangement alleged in the complaint, that defendant occupied the room during said period, that he did not pay any rent, that he gave the deeds to plaintiff as security for the rent, that plaintiff returned the deeds to defendant, who accepted them and still retains them, and that there was due to plaintiff from defendant for room rent the sum of $1,068 with interest thereon. Judgment was ordered in favor of the plaintiff and against defendant in said amount, which has been entered, and from which defendant appeals.

There is no settled case. We refused to grant *mandamus* to compel the court below to settle and allow a case. Doyle v. Swanson, 205 Minn. 40, 284 N. W. 874. The transcript of the evidence, which the court below refused to settle and allow as the case, is part of the clerk's return. There is no bill of exceptions.

The assignments of error raise the questions whether (1) the decision is within the issues raised by the pleadings, and (2) the findings are sustained by the evidence.

■ That the decision is within the issues raised by the pleadings is clear from the statement that has already been made. We do not deem it necessary to pursue the question further.

■ The findings of fact and conclusions of law sustain the judgment. The basis of defendant's attack is the insufficiency of the evidence to sustain the findings of fact. The sufficiency of the evidence to sustain the findings of fact cannot be reviewed on appeal without a settled case or bill of exceptions. Fish v. Frink, 152 Minn. 552, 188 N. W. 571; Hermann v. Kahner, 198 Minn. 331, 269 N. W. 836. 1 Dunnell, Minn. Dig. (2 ed. & Supps.) § 344. True, a transcript of the evidence, which the court below refused to allow as a settled case, has been returned to us; but a transcript of the evidence is no substitute for a settled case or bill of exceptions and does not furnish any basis for a review of the evidence to determine its sufficiency. Wright v. Avenson, 178 Minn. 415, 227 N. W. 357. Where there is no settled case or bill of exceptions, it is presumed that the evidence was sufficient to sustain the findings. Union Cent. L. Ins. Co. v. Page, 190 Minn. 360, 251 N. W. 911; Pike Rapids Power Co. v. M. St. P. & S. S. M. R. Co. (8 Cir.) 99 F. (2d) 902.

Affirmed.

