ARNOLD VOSSEN AND ANOTHER v. BERT THULIN AND
ANOTHER, INDIVIDUALLY AND AS COPARTNERS
*d.b.a* THULIN BROS. READY MIX.[1]

April 15, 1955.

No. 36,472.

*Timothy T. Flynn,* for appellants.
*Leland A. Olson,* for respondents.

NELSON, JUSTICE.

This action was brought by plaintiffs for an accounting on a verbal
rental agreement. The matter came on for trial without a jury in
the district court of Meeker county.

The matter involved the rental of one 1941 GMC truck and one
1942 Ford truck, each with ready concrete mixers attached. Plain-
tiffs were the owners of the trucks, and they were rented to defend-
ants operating under the firm trade name of Thulin Bros. Ready Mix

[1]Reported in 70 N. W. (2d) 287 .

for use in their ready mix business along with the trucks which they themselves owned and operated to deliver concrete. Defendants agreed to pay to plaintiffs $1.50 per cubic yard of concrete hauled in plaintiffs' trucks. They also agreed to pay for all repairs to the trucks and attachments under rental excepting replacements and repairs which became necessary from time to time due to natural and ordinary wear and tear, such payments to be advanced by the defendants and deducted from plaintiffs' rental earnings. The defendants, however, were obligated to furnish and pay for all minor repairs regardless of cause without reimbursement and to pay for any damage which the trucks as equipped might suffer due to negligence of defendants or their operators.

Defendants used plaintiffs' trucks as needed between the dates of November 13, 1950, and December 6, 1951. They were returned early in May 1952. The records of the yardage of concrete hauled by defendants were kept by means of trip tickets showing amount of load and truck used. Defendants paid plaintiffs on the basis of 1,834 cubic yards hauled at $1.50 per cubic yard and $608.75 covering items of repair and replacements paid for in advancements deductible from earnings. Plaintiffs claimed that defendants under rental agreement had not rendered a full and true accounting and had not made full use of the trucks for hauling as contemplated by the agreement of the parties and that the trucks were not returned in as good a condition as when delivered to defendants, less ordinary wear and tear, and therefore plaintiffs were entitled to recover for reduction in value on account of improper operation and care of the trucks while in possession and use of defendants. Plaintiffs hired their own certified public accountant who checked the trip ticket records kept by defendants and he reported 1,824½ cubic yards of concrete hauled. The court found and determined due to a conflict in the evidence on yardage that 1,850½ cubic yards of concrete had been hauled at the agreed price; that defendants became otherwise indebted to the plaintiffs for minor repairs in the amount of $78.80 and for damage to trucks due to negligence while in use and in their care in the amount of $130.02; and further found at the close of the trial that the total indebtedness incurred by the defendants during the period

from November 13, 1950, to December 6, 1951, and up to the time of return of the trucks, was the sum of $2,984.50; that defendants had made payments thereon and were entitled to credits in the sum of $2,789.75; and that there was a net sum of $194.82 remaining unpaid, which sum was due plaintiffs together with interest at the legal rate from June 1, 1952, with costs and disbursements.

The court filed its findings of fact and conclusions of law and ordered entry of judgment accordingly. Plaintiffs appeal from the judgment entered setting up 11 assignments of error wherein it is claimed the court erred in its findings of fact and that the trial court erred in finding as a conclusion of law that plaintiffs have judgment against the defendants in only the sum above set forth. Plaintiffs then assert the legal issues involved to be as follows: (1) That the trial court erred in its findings of fact; (2) that the trial court erred in its conclusions of law; and (3) that the judgment rendered by the trial court failed to include the relief indicated due plaintiffs by the evidence.

While plaintiffs' printed record as submitted discloses a stipulation for settled case signed by counsel for both parties and order settling case signed by the court, this appears to have been erroneously shown; the transcript of the evidence, which is a part of the clerk's return, does not disclose either a signed stipulation for a settled case or a signed order settling the case.

Under the circumstances it is not for this court to inquire whether the findings of fact are justified by the evidence but only whether they support the conclusions of law and the judgment. Insofar as errors of fact are concerned, no question is presented on this appeal. The court had jurisdiction; the findings of fact stand in effect unchallenged; and the conclusions of law sustain the judgment entered. Doyle v. Swanson, 206 Minn. 56, 288 N. W. 152; State ex rel. Krausmann v. Streeter, 226 Minn. 458, 33 N. W. (2d) 56, 4 A. L. R. (2d) 662; Strand v. Thomas, 173 Minn. 611, 216 N. W. 244; Thompson v. Lamb, 33 Minn. 196, 22 N. W. 443; 1 Dunnell, Dig. (3 ed.) §§ 342 to 345, and cases cited in note 46; see, Rules 59.02, 59.07, and 59.08 of Rules of Civil Procedure; see, also, 3 Youngquist & Blacik, Minnesota Rules Practice, author's comments on each of the above rules.

In the absence of a settled case there is nothing here for us to review. While the plaintiffs claim several errors during the course of the proceedings, nevertheless, they must present a settled case, the purpose of which is to present such claimed errors to the court. We can go no further upon the state of the record.

Judgment affirmed.