**Victor B. YAGER, Respondent,**

v.

**Lyndale THOMPSON and Deloris Thompson, Appellants.**

**No. C8–83–1962.**

Court of Appeals of Minnesota.

July 17, 1984.

Borden, Steinbauer, Rathke & Gardner by Thomas R. Borden, Brainerd, for respondent.

Lundquist, Anderson, Burgett & Spilseth by Lance D. Becker, Willmar, for appellants.

Heard, considered and decided by POPOVICH, C.J., and HUSPENI and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from an order of the Crow Wing District Court granting respondent's motion for a temporary injunction. Appellants claim issuance of the temporary injunction was not proper because respondent had an adequate remedy at law and because the trial court abused its discretion. We reverse.

## FACTS

In April 1983 appellants Lyndale and Deloris Thompson entered into a business arrangement with respondent Victor Yager regarding a bowling alley. The record is unclear as to the exact nature of this arrangement. Yager claims he hired Lyndale Thompson to manage the business and that Thompson was to be responsible for the general management of the business, pay expenses and retain the net profit as salary. Thompson claims he was the purchaser of the business, that he paid $8,000 to Yager before taking possession and that he paid the monthly mortgage payments on and made improvements to the bowling alley. He also claims he was told that a written contract would be prepared but that it was never delivered to him. Yager contends that the $8,000 payment was for the purchase of the then existing inventory of liquor and food.

On October 14, 1983, Yager informed Thompson that he was terminated as manager effective immediately for failure to pay expenses as due and for dereliction of his duties as manager. Yager claims Thompson became violent, left the premises, but returned the next day and refused to leave.

On October 20, 1983, the trial court issued a temporary restraining order requiring the Thompson to leave and not reenter the business premises. On November 10, 1983, the trial court granted a temporary injunction.

## ISSUES

1. Is the statutory remedy for forcible entry and unlawful detainer the exclusive remedy available to one who claims ownership of a business establishment to remove one in possession of the premises?

2. Did the trial court abuse its discretion in granting injunctive relief?

## ANALYSIS

### I

The Thompsons claim the sole remedy available to Yager for recovering possession of the bowling alley was the statutory action for forcible entry and unlawful detainer. The forcible entry and unlawful detainer statutes provide a summary proceeding whereby a landlord may recover possession of leased premises upon proper notice and showing in court. Minn.Stat. §§ 566.02 to 566.17 (1982). *See Berg v. Wiley*, 264 N.W.2d 145, 150 (Minn.1978). It was "intended to prevent parties from taking the law into their own hands when going into possession of lands and tenements...." *Mutual Trust Life Ins. Co. v. Berg*, 187 Minn. 503, 505, 246 N.W. 9, 10 (1932).

Because this matter was never tried on the merits, the relationship between the parties has not been conclusively established. Thompsons claim they were the purchasers of the bowling alley, whereas Yager claims the existence of an employer-employee relationship. The actual status of the parties, however, is irrelevant at this point because even if the forcible entry and unlawful detainer statutes did apply to this case, it does not provide an exclusive remedy.

In *Berg v. Wiley*, 264 N.W.2d 145 (Minn. 1978), the court held that Minn.Stat. §§ 566.02 to 566.17 provide the landlord with an adequate remedy for regaining possession in every case. *Id.* at 151. "Where speedier action than provided in §§ 566.02 to 566.17 seems necessary because of threatened destruction of the property or other exigent circumstances, [however], a temporary restraining order under Rule 65, Rules of Civil Procedure,

and law enforcement protection are available to the landlord." *Id.*

 The Thompsons construe the language in *Berg* to mean that a landlord could obtain injunctive relief against waste to protect himself, but could not regain possession through use of those remedies. This argument is without merit. The Court in *Berg* anticipated that the forcible entry and unlawful detainer statutes would not be sufficient in every circumstance. Under appropriate circumstances, injunctive relief is available. It is not enough that there is a remedy at law; it must be as practical and efficient to the ends of justice and its prompt administration as the remedy in equity. 9A Dunnell Minn. Digest *Injunction* § 4472 (3d ed. rev. 1977). Therefore, the statutory remedy for forcible entry and unlawful detainer is not the exclusive remedy available for repossession of properties.

## II

 Yager applied for and the trial court issued a temporary restraining order on October 20, 1983 and a temporary injunction on November 10, 1983. "A temporary injunction may be granted if ... it appears sufficient grounds exist therefor." Minn.R.Civ.P. 65.02(2). The granting of an injunction rests within the sound discretion of the trial court and " 'the sole question presented on appeal is whether there was clear abuse thereof by disregard of facts or *applicable principles of equity.*' " *Edin v. Jostens, Inc.*, 343 N.W.2d 691, 693 (Minn. Ct.App.1984). *See also Cherne Industrial, Inc. v. Grounds & Assoc., Inc.*, 278 N.W.2d 81, 91 (Minn.1979). The party seeking the injunction must establish that his legal remedy is inadequate, *Cherne*, at 92; *AMF Pinspotters, Inc. v. Harkins Bowling, Inc.*, 260 Minn. 499, 504, 110 N.W.2d 348, 351 (1961), and that the injunction is necessary to prevent great and irreparable harm. *Cherne*, at 92. In addition, the following 5 factors must be considered:

(1) the nature of the relationship between the parties before the dispute giving rise to the request for relief;

(2) the harm to be suffered by the moving party if the preliminary injunction is denied as compared to that inflicted on the non-moving party if the injunction issues pending trial;

(3) the likelihood of success on the merits;

(4) the public interest; and

(5) administrative burdens in enforcing a temporary decree.

*Edin v. Jostens, Inc.*, 343 N.W.2d 691, 693 (Minn.Ct.App.1984).

### A. Nature of the Relationship

 The nature of the relationship between Thompson and Yager has not been adjudicated, but the parties agree the Thompsons, not Yager, had possession prior to October 20, 1983. The affidavits of the parties clearly show the Thompsons had control and possession of the business from approximately April to October, 1983. This is important because the purpose of a temporary injunction is to preserve the status quo until adjudication of the case on its merits; it is not remedial. *Miller v. Foley*, 317 N.W.2d 710, 712 (Minn.1982); *Berggren v. Town of Duluth*, 304 N.W.2d 24, 27 (Minn.1981) (object of temporary injunction is to maintain the matter in controversy in its existing condition until judgment, so that the effect of the judgment shall not be impaired by the acts of the parties during the litigation).

The trial court erroneously concluded, however, that Yager was in possession of the business at the time the TRO was issued, and, therefore, issuance of a temporary injunction would maintain the status quo until adjudication of the case on its merits. Because the Thompsons had possession, maintenance of the status quo would have been best achieved by allowing them to remain in possession.

### B. Harm to be Suffered

A second factor a court must take into account is the harm to be suffered by the moving party if the temporary injunction is denied as compared to that inflicted on the non-moving party if the injunction issues

pending trial. Yager argued he owned the bowling alley which was worth approximately $1,200,000.00, including sensitive electronic equipment, that Lyndale Thompson had a violent temper and that there was fear of destruction of or damage to the property including the going concern nature of the business, and finally that the Thompsons' had no funds with which to pay damages resulting from such injury. The Thompsons responded by contending they had very limited financial resources, had no substantial assets and the bowling alley was their sole source of livelihood.

In Minnesota,

"[a] man's right to labor in any occupation in which he is fit to engage is a valuable right, which should not be taken from him, or limited, by injunction, except in a clear case showing the justice and necessity therefor." *Bennett v. Storz Broadcasting Co.*, 270 Minn. 525, 134 N.W.2d 892, 899 (1965).

*Edin*, 343 N.W.2d at 694. While Yager had to show irreparable harm to trigger the injunction, Thompson need only show substantial harm to bar it. *Vernon J. Rockler and Co. v. Minneapolis Shareholders Co.*, 425 F.Supp. 145, 151 (D.Minn. 1977). The evidence supports a finding that substantial harm will result to the Thompsons from the issuance of an injunction.

C. Likelihood of Success on the Merits

The court must determine whether the moving party has shown that it is likely to prevail on the merits. In its order granting the temporary injunction, the trial court found Yager likely to prevail on the merits. In its supporting memorandum, however, the trial court stated:

It is impossible on the record before the court at this time to assess which party is likely to succeed on the merits of this case. The stories presented by the parties are directly contradictory and irreconcilable. Ultimately the conflict will have to be settled at trial.

This language contradicted the findings and removed support for the issuance of the temporary injunction.

The remaining factors, public interest and administrative evidence, were not relevant factors.

## DECISION

 The evidence did not support a finding that Yager was likely to succeed on the merits or that the status quo would be maintained by issuance of a temporary injunction allowing Yager re-enter the premises. In addition, the evidence showed the Thompsons would suffer substantial harm should a temporary injunction be issued. The granting of a temporary injunction pending a trial on the merits was therefore improper.

We Reverse.