**Mark Steven NARVESON, etc., et al., Respondent,**

v.

**Kerry T. WHITE, M.D., et al., Appellants.**

**No. C3-84-504.**

Court of Appeals of Minnesota.

Oct. 2, 1984.

Muir, Heuel & Carlson, P.A., Ross Muir and Robert B. Spelhaug, Rochester, for respondents.

Dorsey & Whitney, Thomas W. Tinkham, Matthew B. Seltzer, Minneapolis, for appellants.

Heard, considered and decided by SEDG-WICK, P.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

NIERENGARTEN, Judge.

Medical and nursing personnel of the Mayo Clinic, and the Mayo Foundation d/b/a the Mayo Clinic, and d/b/a the Mayo Graduate School of Medicine appeal from the trial court's order prohibiting them from reading or reviewing transcripts of discovery depositions of two defendant doctors until the discovery deposition of a defendant nurse had been completed. We reverse.

## FACTS

Respondent Mark S. Narveson was operated upon on September 14, 1981, to elevate a small fragment of skull. Respondents Narvesons claim that appellants Kerry T. White, M.D., Mark A. Warner, M.D., Michael J. Ebersold, M.D., H. Michael Marsh, M.D., Sandra Moore, and Mayo Foundation (the doctors) were negligent in the surgical and anesthesiological treatment of Narveson and that this resulted in permanent brain and neurologic damage. Breach of warranty claims were also alleged.

Suit was initially commenced in federal court against Dr. White in July 1983. The depositions of Dr. White, the surgeon, Dr. Warner, the anesthesiologist, and Sandra Moore, the nurse anesthetist, were scheduled for November 28 and 29, 1983. The depositions of White and Warner were taken but Moore's was continued until December 1, 1983, by agreement of counsel. At the request of counsel for the doctors, the Moore deposition was again continued until December 16, 1983. During that interval, doctors' counsel requested transcripts of the two prior depositions but Narvesons refused, claiming Moore's deposition was unilaterally postponed to enable the doctors to prepare Moore for subsequent deposition by first reviewing the two depositions.

The two doctors and nurse Moore are all represented by the same counsel.

Narvesons then moved the court to require Moore to give her deposition prior to reviewing the transcripts of White and Warner. The magistrate denied the request and recommended the federal action be dismissed for lack of subject matter jurisdiction. The magistrate's order was adopted by a federal district court Judge.

In the meantime, Narvesons commenced suit in Olmsted County District Court. On the same day, the trial court, upon ex parte motion by Narvesons and without notice to the doctors, temporarily restrained the federal court reporter from delivering the two transcripts until a motion on the merits could be heard.

Narvesons then moved for injunctive relief, which the trial court granted on March 7, 1984:

Defendants and their counsel are restrained from reading and reviewing the discovery depositions of Kerry T. White, M.D. and Mark A. Warner, M.D. taken November 28, 1983 and November 29, 1983, respectively until such time as the deposition of Sandra Moore has been completed.

## ISSUE

Was it proper for the trial court to compel nurse Moore to testify before she reviewed the deposition transcripts of Drs. White and Warner?

## ANALYSIS

■ By order dated April 17, 1984, this court held the trial court's March 7, 1984 order grants an injunction and is appealable under Minn.R.Civ.App.P. 103.03(b). The granting of an injunction rests within the sound discretion of the trial court and "the sole question presented on appeal is whether there was clear abuse thereof by disregard of facts or applicable principles of equity." *Edin v. Jostens, Inc.*, 343 N.W.2d 691, 693 (Minn.App.1984) (citation and emphasis omitted). "The party seeking an injunction must establish that his

legal remedy is inadequate * * * and that the injunction is necessary to prevent great and irreparable harm." *Yager v. Thompson*, 352 N.W.2d 71, 74 (Minn.App.1984) (citations omitted).

Narvesons claim they have the "right to get testimony of witnesses untainted by a review of deposition testimony * * *." On the other hand, the doctors claim they have an absolute right to obtain copies of the White and Warner deposition transcripts. Neither position is totally correct.

Rule 30.03 of the Minnesota Rules of Civil Procedure provides: "[I]f requested by one of the parties, the testimony shall be transcribed." Minn.R.Civ.P. 30.03. Rule 30.06(2) provides that "[u]pon payment of reasonable charges therefor, the officer shall furnish a copy of the deposition to any party or to the deponent." Minn.R.Civ.P. 30.06(2). The doctors construe this language to mean that the trial court had "no discretion or even power" to issue the injunction withholding the transcripts.

The discovery rules provide a trial court with broad powers and are subject to the protective order remedies provided by Rule 26.03, Minnesota Rules of Civil Procedure. The Rule permits the trial court to make, based upon good cause:

> any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense * * *.

Minn.R.Civ.P. 26.03.

"The scope of the protective orders is substantially the same as provided in the former Rule 30.02." 1 J. Hetland & O. Adamson, *Minnesota Practice, Rules of Civil Procedure Annotated* 71 advisory committee comment to rule 26.03(2) (Supp. 1983). Rule 30.02 provided: "[T]he court may make any other order which justice requires to protect the party or witness from annoyance, expense, embarrassment or oppression. The power of the court under this rule *shall be exercised with liberality toward the accomplishment of its purpose to protect parties and wit-*

*nesses."* Minn.R.Civ.P. 30.02 (1974) (emphasis added).

Under this rule, protective orders were issued to protect parties from burdensome or unfair use of the discovery process. *See, e.g., Baskerville v. Baskerville*, 246 Minn. 496, 507, 75 N.W.2d 762, 769–70 (1950).

> Normally, the trial court has a wide discretion in determining whether the discovery rules are being used by a litigant in bad faith to unreasonably annoy, embarrass, oppress, or injure a party or the witnesses, and also has a wide discretion in protecting the parties and witnesses from such abuses.

*Thermorama, Inc. v. Shiller*, 271 Minn. 79, 83, 135 N.W.2d 43, 46 (1965). Accordingly, the trial court may, under some circumstances, issue a protective order requiring deposition transcripts to be withheld for reasons other than those specifically included under Rule 26.03(6) where there is a need to protect the parties and witnesses.

One of those reasons could obviously be the prevention of collusion. That type of conduct is a possibility under the factual circumstances we face here where the only witnesses in the operating room at the time of the alleged malpractice are all named defendants represented by the same counsel. Moore is a co-employee of Warner and White and all three were employed at the Mayo Foundation. Obviously, it would be in the best interest of all defendants in these circumstances to keep their testimony consistent. Allowing Moore the opportunity to review the testimony of Warner and White before she testified would be of some assistance in achieving consistency.

The trial court, however, did not specifically find anything collusive in Moore reviewing the White and Warner transcripts. The court was only concerned with the possibility that the attorneys would have "a tactical advantage if they can somehow delay or drag out the taking of a deposition." The actual basis for his decision was that "if the [doctors] are allowed to prevail in this case, it would provide an

incentive in future cases for counsel to attempt such delay."

These are not sufficient reasons to suppress deposition review. The trial court did not find that the Narvesons needed protection "from annoyance, embarrassment, oppression, or undue burden or expense ..." as required by Rule 26.03. Nor did the court find that the Narvesons' legal remedies were "inadequate ... and that the injunction was necessary to prevent great and irreparable harm" as required by *Yager*. Elimination of the incentive, in future cases, for counsel to attempt delay does not satisfy either standard.

### DECISION

The trial court erred in issuing the March 7, 1984, injunction without a finding the Narvesons needed the protection envisioned by the rules.

Reversed.