Susan L. GABBERT, a.k.a. Susan L. Jasin, petitioner, Respondent,

v.

Tom J. GABBERT, Appellant.

No. C3–84–1054.

Court of Appeals of Minnesota.

Nov. 20, 1984.

Review Denied Feb. 27, 1985.

Kenneth M. LeBon, St. Paul, for respondent.

David L. Olson, Edward M. Cohen & Assoc., St. Louis Park, for appellant.

Considered and decided by PARKER, P.J., and FORSBERG and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Susan Jasin brought a motion to recover arrearages of spousal maintenance payments, and Tom Gabbert, her former husband, sought reduction or forgiveness of the arrearages. The trial court granted her motion and denied his, and he appealed. We affirm.

## FACTS

The parties were divorced in 1977. Appellant was ordered to pay maintenance of $1500 per month, reduced by $500 per month upon emancipation of each child, and child support of $100 per month per child to be raised to $250 per month per child upon respondent's remarriage. By 1981, two minor children remained, and appellant's obligations under the decree were $200 per month child support and $1000 per month maintenance.

In December of 1981, before the marriage, respondent began living with her current husband. Appellant told her he considered that tantamount to remarriage, and stopped paying maintenance. He did not, however, bring an immediate motion for reduction of maintenance based upon her changed circumstances. Respondent began proceedings to recover the three months arrearages in February, 1982. Appellant now noted her deposition and set it for March 25, 1982. Respondent remarried March 26, 1982, and by agreement of the parties the deposition was cancelled.

For the next two years neither appellant nor respondent did anything. In March 1984 respondent filed a motion for child support arrearages accruing in 1983. Joined with that motion was a claim for the 1981–1982 maintenance arrearages. Appellant filed a countermotion disputing the amount and requesting a continuance to allow discovery to determine changes, if any, in respondent's economic circumstances resulting from her cohabitation in December 1981, and January and February 1982. He now claimed the right to proceed with the prior deposition which had been

cancelled by mutual agreement. The trial court denied appellant's motion for completion of discovery and awarded respondent the full amount requested. On September 12, 1984, this court ordered that review be limited to whether the trial court erred in denying appellant's motion for reduction or forgiveness of maintenance arrearages.

## ISSUE

Did the trial court err in denying appellant's motion for reduction or forgiveness of maintenance arrearages?

## ANALYSIS

 Minn.Stat. § 518.64, subd. 2 (Supp. 1983) provides that "[t]he terms of a decree respecting maintenance or support may be modified upon a showing of * * * (2) substantially increased or decreased need of a party * * *" A living together arrangement such as respondent entered into in December of 1981 "may be a basis for reducing or terminating [maintenance payments] to the extent it improves a former spouse's economic well-being." *Abbott v. Abbott*, 282 N.W.2d 561, 566 (Minn.1979). Thus, had appellant made a timely motion to reduce his maintenance obligation when he first learned of respondent's living arrangements, inquiry into its effect on her need for support would have been proper.

Appellant did not make such a motion. Instead, on his own, he told respondent he considered her living arrangement equal to marriage and took it upon himself to cease maintenance payments. It was only after she moved to collect those arrearages two years later that he sought to inquire into her changed circumstances and sought reduction or forgiveness of the arrearages.

 Although living arrangement discovery, pursuant to *Abbott*, is normally proper, here the trial court properly denied appellant's motion to complete the previously cancelled deposition as respondent was not seeking arrearages for maintenance after March of 1982 (since she remarried then and agrees that maintenance stop as of that date). Appellant was seeking maintenance arrearages just for the three month period in question, and any change in economic circumstances gained from the deposition, if it had been taken on March 25, 1982, would not have benefited appellant retroactively to December since he had not made a timely motion.

 Minn.Stat. § 518.64, subd. 2 states that "[a] modification which decreases support or maintenance may be made retroactive only upon a showing that any failure to pay in accord with the terms of the original order was not willful." Appellant cannot make that showing, and thus accrued arrearages in his maintenance obligation for December, January and February may not be reduced or forgiven regardless of what the cancelled deposition might have revealed.

## DECISION

Affirmed.