**Gerald E. WEBER, Appellant,**

v.

**UNITED PARCEL SERVICE, Respondent.**

**No. C9–84–1091.**

Court of Appeals of Minnesota.

Dec. 4, 1984.

J. Brian O'Leary, O'Leary & Moritz, Chartered, Springfield, for appellant.

Nikki K. Zielke, Minneapolis, for respondent.

Considered and decided by PARKER, P.J., and FORSBERG and RANDALL, JJ., with oral argument waived.

### SUMMARY OPINION

PARKER, Judge.

Appellant Gerald Weber brought an action for the death of his dog killed by a truck driven by a United Parcel Service (UPS) employee. The case was tried be-

fore the court, sitting without a jury. The court found in favor of the defendant. Weber contends the trial court erred in finding for the defendant. We affirm.

## FACTS

Terry Grathwohl, an employee of United Parcel Service, was making deliveries in rural Minnesota when her truck struck and killed Weber's dog. Weber resides on a farm which has a two-block long driveway. Grathwohl testified that as she entered Weber's driveway, she downshifted into second and then first gear, maintaining maximum speed at ten miles per hour.

Pursuant to her customary practice, she was looking out for children and animals. She observed neither. As she approached the cluster of buildings near the end of the driveway, she observed a black dog through her left-hand exterior mirror as it ran into her left rear tire. The impact killed the dog.

Weber presented evidence suggesting Grathwohl was driving faster than ten miles per hour. Additionally, a witness testified he saw the truck strike the dog near the right front fender. No one else witnessed the accident.

## DISCUSSION

■ The findings of fact made by a court sitting without a jury will not be set aside unless they are clearly erroneous. Minn.R.Civ.P. 52.01. It is elementary that evidence on appeal is viewed in the light most favorable to the prevailing party. *Edin v. Josten's, Inc.*, 343 N.W.2d 691, 693 (Minn.Ct.App.1984).

■ The trial court's findings were not clearly erroneous. Viewed in the light most favorable to the prevailing party, the evidence showed that Grathwohl was driving at a reasonable rate of speed and maintaining a proper lookout as she entered the farmyard. The dog ran into the rear tire of the UPS truck. Weber's contrary evidence was for the trier of fact to consider.

## DECISION

The trial court did not err in finding for the defendant.

Affirmed.