**Allen DRUMMOND, et al., Appellants,**

v.

**Dennis HOELSCHER, et al.,**
**Respondents.**

**No. C6–85–1351.**

Court of Appeals of Minnesota.

March 11, 1986.

Paris DonRay Getty, Forest Lake, for appellants.

Richard C. Hiniker, White Bear Lake, for respondents.

Considered and decided by FORSBERG, P.J., and LANSING and RANDALL, JJ.

### SUMMARY OPINION

RANDALL, Judge.

### FACTS

This appeal involves a dispute over an alley. The property in dispute was platted as a replat, Oaklawn Addition, in White

Bear Lake in 1905. The original plat contained a dedication of an alley. On December 12, 1913, the White Bear Lake City Council passed a resolution vacating the alley and the alley reverted to the adjoining property owners.

The property forfeited to the State for nonpayment of taxes. A sanitary sewer line was located in the alley and the city recommended that any sale to the public be subject to an easement for maintenance and repair of the sewer line. Subsequently, in 1970, the city council passed a resolution requiring a sewer easement in the event of sale to the public. The council explicitly recognized the validity of the council's action vacating the alley in 1913.

The property was then purchased from the State and conveyed to respondents. Unaware that the alley had been vacated in 1913 the respondents petitioned the city for vacation of the alley in 1984. The city council was unaware of the prior council's actions of 1913 and 1970 and denied the petition. Respondents then discovered the prior actions and brought it to the attention of the city. Following advice of the city attorney the city acknowledged the validity of the prior actions and indicated the alley was vacated in 1913.

Appellants, who own property adjacent to the alley, brought a lawsuit against respondents for damages to their property. Appellants do have access to their property from Second Street and Lake Avenue. They base their claim for damages on their contention that for approximately 27 years they had continuously used the alley in question as admittedly the owners of lots 1 through 5 to the east of them had. The owners of lots 1 through 5 have access to the front of their lots on Lake Avenue but cannot enter from the back on Second Street as appellants can. Both parties filed cross-motions for injunctive relief. Appellants then filed an amended complaint including a claim of access to the alley through easement, public dedication or by adverse possession. The trial court denied appellants' motion for an order restraining respondents from interfering with appel-

lants use of the alley. The trial court temporarily enjoined appellants from trespassing or using the portion of the vacated alley in dispute. In granting the injunction the trial court stated:

[Respondents] have made a sufficiently clear showing for purposes of obtaining temporary injunctive relief that the alley was vacated, that the municipal authority did not make the original vacation subject to any easement rights, and that the [respondents] presently own and have all possessory and user rights to the portion of the alley in dispute.

[Appellants] have alleged, but have not produced competent evidence in support of their allegations, that they have an easement over the alley or that they acquired ownership of easement rights through adverse possession. They have referred to no written deed or grant of easement or to any reservation of easement in any conveyance affecting the land in question. * * * Public dedication requires a clear affirmative act from which everyone could reasonably conclude that a landowner intended to relinquish his property rights to the public. The mere fact that a municipality mistakenly or gratuitously provides services to private land is not evidence of public dedication.

Finally, the [appellants] note that the city has retained a sewer easement in the alley. This was not part of the original vacation but came many years later. In any event, the retention of an easement is consistent with the usual vacation procedure as specified by statute.

For the foregoing reasons the court is persuaded that the [respondents] are entitled to a temporary injunction enjoining acts of trespass upon their land.

Appellants then brought this appeal.

## DECISION

### I.

*Oral testimony*

◼ Appellants claim that the trial court abused its discretion in disallowing oral

testimony at the hearing on the injunction. The trial court considered affidavits and oral arguments of counsel in its decision. Minn.R.Civ.P. 65.02(2) states "A temporary injunction may be granted if by affidavit, deposition testimony, or oral testimony in court, it appears that sufficient grounds exist therefor." Moreover, appellants' counsel stated at the time the motion was argued that there were sufficient affidavits and even offered to waive the request for oral testimony if certain photographs were considered. The trial court considered the photographs. Appellants' contention on appeal is contrary to their position as stated by the trial court.

## II.

*Equity*

Appellants state their second issue as "is the doctrine of unclean hands material in assessing the merits?" The trial court issued mutually reciprocal personal restraining orders to prevent appellants and respondents from inflicting or attempting to inflict or threatening physical harm. At least one physical altercation has occurred between the parties which led to charges of disorderly conduct against both appellant Allen Drummond and respondent Dennis Hoelscher, and a charge of simple assault against appellant. All charges were later dismissed upon motion of the prosecuting attorney. The trial court considered all factors, including the "clean hands" of the parties in its decision. Appellants have not articulated the claimed error or the relief requested regarding this issue. The issue was framed in purely general terms.

## III.

*Attorney Fees*

■ Respondents moved for an award of costs and fees pursuant to Minn.Stat. 549.-21 (1984), which motion was held in abeyance until respondents filed affidavits determining costs and fees incurred. This court, by order dated December 27, 1985, deferred consideration of respondents' mo-

tion until oral argument and consideration of the appeal on the merits.

We do not address the merits of appellants' lawsuit, which is yet to be tried. The issue on appeal was restricted to the propriety of the trial court's temporary injunction. We note that it is apparently undisputed that appellants did use the alley in question for several years in good faith. We note that the owners of lots 1 through 4 have cooperated with respondents in allowing them temporary access over the area behind their lots, but that respondents, based on their claim of title, are not allowing appellants temporary access over that portion of the alley behind respondents' lot. Whether appellants ultimately prevail or not, the record before us does not display a claim so frivolous or unfounded that as a matter of law the bad faith provision of Minn.Stat. § 549.21 should be invoked against appellants.

We decline to award respondents costs and fees on this appeal.

## IV.

*Adverse Possession*

■ Appellants raise other issues dealing with the merits of its underlying lawsuit. These issues are premature. Our scope of review is limited. "Ruling on motions for temporary injunction is largely an exercise of judicial discretion, and the sole question presented on appeal is whether there was clear abuse thereof by disregard of facts or applicable principles of equity." *Edin v. Jostens, Inc.*, 343 N.W.2d 691, 693 (Minn.Ct.App.1984), quoting *Cramond v. American Federation of Labor and Congress of Industrial Organizations*, 267 Minn. 229, 126 N.W.2d 252 (1964). *See Miller v. City of St. Paul*, 363 N.W.2d 806, 810–11 (Minn.Ct.App.1985), *pet. for rev. denied*, April 26, 1985. From our review of the record, we find no abuse of discretion.

Affirmed.