In re the Marriage of Lois G. HELDT,
Petitioner, Appellant,

v.

Gerald M. HELDT, Respondent.

No. C5–86–668.

Court of Appeals of Minnesota.

Oct. 14, 1986.

Edward M. Cohen, Stern, Levine, Lifson & Strauss, P.A., Minneapolis, for appellant.

Michael Ormond, Reidenberg and Ormond, Minneapolis, for respondent.

Considered and decided by PARKER, P.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## MEMORANDUM OPINION

FORSBERG, Judge.

### FACTS

Lois Heldt appeals the order of the trial court awarding $5,000.00 to respondent, Gerald Heldt, pursuant to an oral stipulation incorporated into the judgment and decree for the dissolution of their marriage. Pursuant to the decree, respondent was to pay appellant $35,000.00 as a marital property division. $30,000.00 was to be given to appellant immediately, while $5,000.00 was put into an escrow account pending appellant's departure of the homestead premises. If appellant did not vacate the premises before November 30, 1984, she was to forfeit the $5,000.00. Respondent was to commence making child support payments on December 1, 1984.

Appellant did not leave the homestead before November 30, 1984, due to delays in the submission of the proposed findings of fact, conclusions of law and order for judgment which in turn affected respondent's ability to obtain a loan for the $30,000.00 owed appellant. The parties then entered into an extra-judicial modification of the dissolution decree. This agreement provided that appellant would remain in the homestead beyond the November 30th date, and respondent would make the December house payment in lieu of child support. Approximately one year later, appellant moved the court to re-open the judgment and decree to recover, among other things, the December child support payment. The trial court held that the extra-judicial modification was invalid and unenforceable. It thus ordered respondent to pay the December child support payment, and awarded the $5,000.00 to respondent. Appellant now seeks to uphold that part of the extra-judicial agreement in her favor.

### DECISION

Under *Dent v. Casaga*, 296 Minn. 292, 296, 208 N.W.2d 734, 737 (Minn.1973), extra-judicial modifications of a dissolution decree are not valid unless judicially approved. Therefore, the trial court did not err in awarding respondent the $5,000.00 pursuant to the dissolution judgment and decree.

Affirmed.