In re the Marriage of Raymond Carroll **CHRISTENSON, Petitioner, Appellant,**

v.

**Linda Kaye CHRISTENSON, Respondent.**

No. CX–92–951.

Court of Appeals of Minnesota.

Oct. 13, 1992.

Review Granted Jan. 15, 1993.

Jeffrey A. Carson, Ellen M. Schreder, Carson and Clelland, Minneapolis, for appellant.

John E. Trojack, St. Paul, for respondent.

Considered and decided by SCHUMACHER, P.J., and PARKER and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Appellant challenges the district court's order assessing $49,366 in maintenance arrearages against appellant, offset by his lien on the homestead. Appellant also claims that the court erroneously denied his motion to modify this maintenance obligation and his request for an evidentiary hearing. We affirm.

## FACTS

Appellant Raymond Christenson and respondent Linda Christenson were married on July 13, 1968, and divorced on November 3, 1978.

Based upon the parties' written stipulation, respondent was awarded the homestead, subject to a lien in favor of appellant entitling him to one-half of the net proceeds upon various occurrences, including its sale or the emancipation of the minor children. Paragraph V of the decree, also based upon the parties' written stipulation, provides:

> That *as and for alimony,* [appellant] is ordered to make premium payments on the health insurance conversion coverage for [r]espondent as available under the City of Spring Lake Park Group Health Plan. It will be the responsibility of [r]espondent to obtain this health insurance conversion coverage in accordance with the conversion provisions of the City of Spring Lake Park Group Health Plan.

(Emphasis added.)

Respondent had had surgery for a brain tumor during the marriage and, although she was fully employed as a nurse at the time of the stipulation, the parties believed that obtaining health insurance coverage for her in the future would be difficult.

As required by the decree, appellant obtained the insurance coverage for respondent. But he stopped paying the premiums in June 1981, and respondent immediately moved the court for an order adjudicating appellant in contempt for his failure to pay the premiums. Appellant, in response, moved the court for an order modifying the dissolution decree by terminating his obligation to pay health insurance premiums, arguing that the insurance was no longer needed because respondent had obtained a second, equivalent policy through her employer. On March 19, 1982, the district court confirmed a referee's order denying appellant's motion for modification and ordering appellant to reimburse respondent for the premiums she had paid to maintain the first policy.

Appellant complied, but in August 1982, he again discontinued payment of the premiums on respondent's first health insurance policy. This time, respondent did not pay the premiums herself, and the policy lapsed.

Years later, on September 10, 1991, the matter again came to the court's attention upon the youngest child's emancipation, when appellant moved for an order requiring respondent to sell the parties' homestead and to give him his portion of the net proceeds. He also asked the court to amend the decree by deleting his obligation to pay insurance premiums, an obligation he had not met for nine years. In response, respondent moved the court for an order requiring appellant to pay premiums and to assess arrearages against him. On December 11, 1991, a referee denied appellant's motion and granted respondent's motion, offsetting appellant's lien on the homestead against his maintenance arrearages, which left $17,548.53 still owed to respondent. On April 21, 1992, after an independent review of the record and the parties' memoranda, the district court confirmed the referee's order.

## ISSUES

I. Was it an abuse of discretion not to forgive appellant's maintenance arrearages consisting of the premiums for health insurance never purchased?

II. Was there evidence supporting arrearages in the amount of $49,366?

III. Was it error to deny appellant's motion for modification of his maintenance obligation?

IV. Was it error to deny appellant's motion for an evidentiary hearing?

## ANALYSIS

### I.

Appellant argues that the court abused its discretion by failing to forgive appellant's arrearages.

Forgiveness of arrearages constitutes a retroactive modification of a maintenance obligation. *See Gabbert v. Gabbert*, 358 N.W.2d 163, 165 (Minn.App.1984), *pet. for rev. denied* (Minn. Feb. 27, 1985). Minn.Stat. § 518.64, subd. 2(c) (Supp.1991), provides:

> A modification of * * * maintenance may be made retroactive *only with respect to any period during which the petitioning party has pending a motion for modification* but only from the date of service of notice of the motion on the responding party.

(Emphasis added.) Section 518.64, subdivision 2(c), also allows retroactive modification for a period when no motion for modification was pending where the court expressly finds that the party had been prevented from serving a motion because of "a significant physical or mental disability, a material misrepresentation of another party, or fraud upon the court."

In this case, after the denial of his motion for modification in 1982, appellant did not serve respondent with a renewed motion for modification until September 11, 1991. Under the statute, since no motion was pending during the nine-year period and no findings of disability, misrepresentation, or fraud were made, appellant's maintenance obligations prior to September 11, 1991, cannot be forgiven.

Appellant argues, however, that equity requires forgiveness of his obligation, since

an award based on the unpaid premiums constitutes a windfall to respondent, who would not actually have received these amounts had appellant maintained the insurance as required. Respondent has been damaged, however, and will receive no windfall, for she has gone nine years without the intangible, but real, benefit of insurance coverage—a security the decree required appellant to provide for her. The arrearage in this case was, in effect, simple maintenance measured by the cost of health insurance premiums, and it was the only maintenance awarded in this case.

Further, to seek equity, one must approach the court with clean hands, and one may not profit from one's own wrongdoing. *See Edin v. Jostens, Inc.*, 343 N.W.2d 691, 694 (Minn.App.1984). Had appellant acted in accordance with the district court's orders, he would have been required to pay $49,366 over the last nine years. Appellant's failure to pay the premiums is in direct violation of the district court's order of March 19, 1982, relating to this very issue. Appellant failed to appeal that decision, and he may not now profit from his failure to comply with the dissolution decree and with the 1982 district court order.

## II.

■ Appellant claims the district court erroneously adopted respondent's figures based upon a hypothetical insurance policy in finding that arrearages amount to $49,-366. The fact that the original policy no longer exists, but was allowed to lapse, is a result of appellant's own actions. Respondent adequately supported her figures with a letter from an insurance company showing the quarterly premium rates since 1982 on a policy such as the one contemplated. Appellant did not rebut respondent's supporting evidence.

Appellant's argument that he should only be required to pay arrearages in the amount of $1,712.83, respondent's cost of insurance through her employer, is untenable. Appellant's obligation to maintain health insurance for respondent's benefit was not qualified in any way. Respondent was free to obtain a duplicate coverage through her employer without affecting her right to receive the separate insurance protection provided for by the dissolution decree.

## III.

Appellant claims the district court erred in denying his motion for modification of his maintenance obligation. Specifically, he contends the district court abused its discretion in concluding that no substantial change had occurred in the parties' situations warranting modification of spousal maintenance.

■ To justify modification of the terms of an order regarding maintenance, appellant must show one or more of the following:

(1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party * * *; (3) receipt of [public] assistance * * *; or (4) a change in the cost of living for either party * * *, any of which makes the terms unreasonable and unfair.

Minn.Stat. § 518.64, subd. 2(a) (Supp.1991). According to the supreme court, although trial courts have broad discretion in ruling on motions for modification, maintenance awards should only be modified where "clear proof of * * * a substantial change in circumstances renders modification equitable." *Wiese v. Wiese*, 295 N.W.2d 371, 372 (Minn.1980).

■ Here all changes in circumstances suggest any modification should be in favor of respondent, not appellant. In her affidavit to the district court, respondent states that after suffering a seizure on April 4, 1991, she was forced to resign from her employment. She is now working part-time and contends that her ability to obtain insurance through her new employer is questionable. Moreover, the affidavit asserts that her medical condition does not assure an ability to maintain employment or to obtain health insurance in the future.

Since appellant's affidavit fails to refute any of these contentions, the district court did not abuse its discretion in finding that

no significant change of circumstances had occurred warranting appellant's proposed modification of the dissolution decree.

Appellant also argues that the district court erred in finding that he unilaterally stopped paying insurance premiums in August 1982. Although respondent's affidavit lists $49,366 as the amount of premium payments which appellant failed to make, thereby causing the policy to lapse, respondent's affidavit does not deny that he failed to pay these premiums. His affidavit also fails to mention the alleged extra-judicial agreement that he asserts terminated his obligation. This court must affirm a trial court's findings of fact unless they are clearly erroneous. *Citizens State Bank of Hayfield v. Leth*, 450 N.W.2d 923, 925 (Minn.App.1990). We find the district court did not clearly err in finding that appellant unilaterally stopped paying the premiums in August 1982.

## IV.

■ Appellant argues that the refusal to schedule an evidentiary hearing constituted an abuse of discretion.

It is within the court's discretion to restrict presentation of evidence to nonoral testimony. *Sieber v. Sieber*, 258 N.W.2d 754, 756 (Minn.1977); *see also* Minn.Stat. § 518.64, subd. 2(e) (Supp.1991) ("The court need not hold an evidentiary hearing on a motion for modification of maintenance."). A court need not conduct an evidentiary hearing when considering alteration of alimony payments where the facts are relatively uncomplicated and the evidence can be fairly and efficiently presented by affidavits and documentary evidence. *Sieber*, 258 N.W.2d at 756.

Appellant claims that, prior to his discontinuation of premium payments in August of 1982, the parties agreed to a modification of appellant's maintenance obligation, which modification would negate his arrearages. He argues, further, that evidence is necessary to establish the terms of that August 1982 agreement because the parties do not now agree on what the terms were.

In *Heldt v. Heldt*, 394 N.W.2d 535 (Minn. App.1986), this court held that "extra-judicial modifications of a dissolution decree are not valid unless judicially approved." *Id.* at 535. This ruling negates the validity of the alleged 1982 agreement here. Thus, there was no need to delve into additional facts at an evidentiary hearing.

We hold the district court did not abuse its discretion in denying appellant's request for an evidentiary hearing.

## DECISION

The district court properly assessed maintenance arrearages against appellant and correctly calculated them based on the premiums appellant would have had to pay to maintain coverage. The court did not abuse its discretion by refusing to modify appellant's maintenance obligation and denying his request for an evidentiary hearing.

Affirmed.

SCHUMACHER, Judge (dissenting).

I respectfully dissent. Classifying unpaid insurance premiums as maintenance obligations which cannot be retroactively forgiven is an unauthorized expansion of the statute. *See* Minn.Stat. § 518.64, subd. 2(c) (Supp.1991). The appropriate standard is whether the district court abused its discretion. For several reasons, I believe it did.

First, the $49,366 the trial court found due and owing to respondent is money which respondent would never have received even if appellant complied with the terms of the judgment and decree. The money would have been paid to the insurance company for premiums on a health insurance policy for respondent. Respondent secured her own health insurance coverage through her employer, and appellant should be responsible only for reimbursing her for what she is out-of-pocket, which amounted to $1712 total over a 10-year period. Awarding respondent more than she paid out-of-pocket for insurance premiums, a windfall of approximately $47,654, is not reasonable.

In addition, appellant's equitable defenses should not be summarily dismissed. Respondent waited almost 10 years before bringing this issue before the court and then only in response to appellant's motion to sell the homestead and divide the proceeds pursuant to the terms of the decree. The record reflects an agreement between the parties that respondent would pay her own insurance premiums in exchange for appellant's quitclaiming his interest in the homestead to her. The exact terms of the agreement are in dispute. Appellant's request for an evidentiary hearing on this issue was denied. The characterization of the insurance premiums as an unforgivable maintenance obligation distorts the issue and denies appellant a hearing. At the very least, I would remand this case to the trial court for an evidentiary hearing on this issue.